UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | HON. |
| Plaintiff, | CIVIL ACTION NO. |
| v. | |
| ATHENIAN CONEY ISLAND NOVI, INC., | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Murell Nunnally. The Commission alleges that, since 2001, Nunnally was subjected to a hostile work environment on the basis of her age and constructively discharged from employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Athenian Coney Island Novi, Inc. (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the City of Novi, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (g), and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least 2001, Defendant Employer has engaged in unlawful employment practices at its Novi, Michigan facility in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). These practices include subjecting Nunnally to a hostile work environment on the basis of her age and causing her constructive discharge from employment.

8. The effect of the practices complained of above in paragraph 7 above has been to deprive Nunnally of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of the ADEA, 29 U.S.C. § 626 (b).

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from creating a hostile work environment on the basis of age and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. ORDER Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. GRANT a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Murell Nunnally.

D. ORDER Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing affirmative relief necessary to eradicate the effects of its unlawful practices, including front pay with prejudgment interest and lost benefits, including but not limited to Murell Nunnally.

3

  E. GRANT such further relief as the Court deems necessary and proper in the public interest.

  F. AWARD the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Dated: May 21, 2008

*/s/ Laurie A. Young*
LAURIE A. YOUNG
Regional Attorney

*/s/ Deborah M. Barno*
DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

*/s/ Omar Weaver*
OMAR WEAVER (P58861)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-3407